UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARK SALSGIVER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>17322 EUCLID AVE. COMPANY, LLC dba )<br>EASTBROOK HEALTHCARE CENTER )<br>fka RUDWICK MANOR )<br>)<br>Defendant. ) | <br><br><br><br><br><br><br><br><br><br>**JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

Plaintiff Mark Salsgiver ("Plaintiff") alleges as follows for his Complaint against Defendant 17322 Euclid Ave. Company, LLC doing business as Eastbrook Healthcare Center and formerly known as Rudwick Manor ("Defendant"):

1. Plaintiff worked for Defendant at its nursing home facility in Cuyahoga County, Ohio from approximately August 12, 2015 through June 21, 2017.

2. According to Defendant's paystubs, Plaintiff's job title was "Maintenance Man."

3. Defendant is an Ohio limited liability company, doing business in Cuyahoga County, Ohio.

4. Defendant's revenues exceed $500,000 per year.

5. Defendant is an enterprise engaging in interstate commerce.

6. Defendant employs more than fifty employees.

7. Defendant was an employer of Plaintiff.

8. Venue is proper in the Northern District of Ohio because Defendant resides in Lake County, Ohio and separately because a substantial part of the events giving rise to the claim occurred in the Northern District of Ohio.

9. This Court has subject matter jurisdiction over the claims raised in this Complaint pursuant to the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*. and the Family Medical Leave Act, 29 U.S.C. Sections 2601, *et seq.*

10. This Court has personal jurisdiction over the parties to this action.

11. Although Plaintiff worked more than 40 hours per week for Defendant, Defendant did not pay Plaintiff any wages, much less any overtime wages, for the work that he performed for Defendant exceeding 40 hours per week.

12. In approximately May or June 2017, Plaintiff learned that he would require surgery to repair a bulging and ruptured discs in his neck and would require 6-8 weeks off of work.

13. On June 20, 2017, Defendant sent Plaintiff a text that Defendant's owner wanted to meet with Plaintiff to discuss disability insurance.

14. On June 21, 2017, Defendant terminated Plaintiff because of his disability and so that Plaintiff would not be able to take FMLA leave.

15. Defendant's stated reason for firing Plaintiff (purportedly poor survey results) is a mere pretext because Defendant received the survey results approximately six months earlier.

16. Plaintiff has hired the undersigned counsel and has agreed to pay reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

17. Plaintiff consents to become a party plaintiff in this action and has attached his written consent hereto as Exhibit A.

## COUNT I
## UNPAID OVERTIME

18. Plaintiff re-alleges each allegation set forth in paragraphs 1-17 above.

19. Defendant is required to comply with overtime requirements set forth in the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

20. Plaintiff regularly worked over 40 hours per week for Defendant.

21. According to Defendant's paystubs, Defendant paid Plaintiff on an hourly basis of $20 per hour.

22. Defendant only paid Plaintiff, at most, for 40 hours per week.

23. Plaintiff was a non-exempt employee under the Fair Labor Standards Act.

24. Plaintiff did not supervise at least two full time employees.

25. Defendant has violated the Fair Labor Standards Act by not paying Plaintiff overtime wages for all hours worked over a regular 40-hour workweek, including but not limited to (1) on the clock work over 40 hours per week for Defendant, (2) off the clock work performed at Defendant's facility, (3) purported lunch breaks where Plaintiff actually was working, and (4) off the clock work performed at Plaintiff's home for Defendant.

26. Defendant's conduct with regard to not paying overtime to Plaintiff was willful.

27. Plaintiff has been damaged by Defendant's nonpayment of overtime wages and is entitled to one and a half times his hourly rate for each unpaid overtime hour.

28. Plaintiff additionally is entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

29. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to the Fair Labor Standards Act.

## COUNT II
## DISABILITY DISCRIMINATION

30. Plaintiff re-alleges each allegation set forth in paragraphs 1-29 above.

31. In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendant terminated Plaintiff because of his disabilities, because of his record of being disabled, or because of a perceived disability.

32. Plaintiff was qualified for his job.

33. Plaintiff could perform the essential functions of his job with or without a reasonable accommodation.

34. Plaintiff suffered adverse employment actions when Defendant terminated Plaintiff because of his disabilities, because of his record of being disabled, and because of Defendant regarding Plaintiff as disabled.

35. Plaintiff has been damaged by Defendant's disability discrimination.

36. Defendant's conduct is the cause of Plaintiff's damages.

37. Defendant acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT III
## FMLA INTERFERENCE

38. Plaintiff re-alleges each allegation set forth in paragraphs 1-37 above.

39. Plaintiff was entitled to take FMLA leave.

40. Plaintiff told Defendant that he intended to take FMLA leave.

41. Plaintiff was denied the benefits of leave under the FMLA by being terminated for planning to take such leave.

42. Plaintiff has been damaged by Defendant's interference.

43. Defendant's conduct is the cause of Plaintiff's damages.

44. Defendant acted willfully in violating the FMLA.

45. Plaintiff is entitled to liquidated damages and his attorney's fees and costs.

## COUNT IV
## FMLA RETALIATION

46. Plaintiff re-alleges each allegation set forth in paragraphs 1-45 above.

47. In violation of the FMLA, Defendant retaliated against Plaintiff by terminating him because he sought leave.

48. Plaintiff was engaged in FMLA protected activity by seeking leave.

49. Defendant knew that Plaintiff was exercising FMLA rights by seeking leave.

50. Plaintiff suffered an adverse employment action by being terminated by Defendant.

51. There is a causal connection between Plaintiff's FMLA protected activity and termination.

52. Plaintiff has been damaged by Defendant's retaliation.

53. Defendant's conduct is the cause of Plaintiff's damages.

54. Defendant acted willfully in violating the FMLA.

55. Plaintiff is entitled to liquidated damages and his attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendant for his lost wages, reinstatement or front pay, lost fringe benefits, unpaid overtime wages, liquidated damages, statutory damages, lost fringe benefits, non-economic damages such as emotional pain, suffering, inconvenience, mental anguish, physical anguish, and loss of enjoyment of life, punitive damages, prejudgment interest at the statutory rate, interest on unpaid wages pursuant to Ohio Revised Code 4113.15, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*